MORGAN, LEWIS & BOCKIUS LLP
Lisa R. Weddle, Bar No. 259050
lisa.weddle@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA 90071-3132
Tel:   +1.213.612.2500
Fax:   +1.213.612.2501

Brian M. Ercole (*pro hac vice forthcoming*)
brian.ercole@morganlewis.com
600 Brickell Avenue, Suite 1600
Miami, FL 33131-3075
Tel:   +1.305.415.3000
Fax:   +1.305.415.3001

Mark A. Feller, Bar No. 319789
mark.feller@morganlewis.com
One Market, Spear Street Tower, 28th Floor
San Francisco, CA 94105-1596
Tel:   +1.415.442.1000
Fax:   +1.415.442.1001

Attorneys for Defendants
Toyota Motor North America, Inc.; Toyota Motor
Engineering & Manufacturing North America, Inc.;
Toyota Motor Sales, U.S.A., Inc.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WADE, DAVID PERILSTEIN, MING CHAO, KATHRYN SCHAUBERGER, FRANKLIN HUFFMAN, DANIELLE BULS, MICHELLE ATKINS, CLAUDIA DIEZ, MATTHEW KULL, AND JOSEPH GILL,<br><br>Plaintiffs,<br><br>vs.<br><br>TOYOTA MOTOR NORTH AMERICA, INC.; TOYOTA MOTOR ENGINEERING & MANUFACTURING NORTH AMERICA, INC.; TOYOTA MOTOR SALES, U.S.A., INC.; AND SUBARU OF NORTH AMERICA, INC.,<br><br>Defendants. | Case No. 2:25-cv-01071-TLN-CKD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF TOYOTA DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**<br><br>Notice of Motion and Motion; Memorandum of Points and Authorities; Declaration of Lisa Weddle; and [Proposed] Order filed concurrently herewith<br><br>Date:   January 8, 2026<br>Time:   2:00 p.m.<br>Judge:  Troy L. Nunley<br>Ctrm:   2<br><br>Am. Compl. Filed:   September 4, 2025<br>Trial Date: None |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

TOYOTA DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE ISO MOT. TO DISMISS
2:25-CV-01071-TLN-CKD

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

**I.     INTRODUCTION**

In accordance with Federal Rule of Evidence 201, Defendant Toyota Motor Sales, U.S.A., Inc., Toyota Motor North America, Inc., and Toyota Motor Engineering & Manufacturing North America, Inc. (collectively, "Toyota Defendants") respectfully request that the Court take judicial notice of the following documents, attached to the Declaration of Lisa R. Weddle ("Weddle Decl.") in support of Defendants' Motion to Dismiss Plaintiffs' Amended Complaint ("AC").

**Exhibit A to Weddle Decl.**:  A true and correct copy of the Warranty and Maintenance Guide for the 2023 model year Toyota bZ4x, which is available at https://assets.sia.toyota.com/publications/en/omms-s/T-MMS-23_bZ4X/pdf/T-MMS-23_bZ4X.pdf.

**Exhibit B to Weddle Decl.**:  A true and correct copy of the Warranty and Maintenance Guide for the 2024 model year Toyota bZ4x, which is available at https://www.toyota.com/content/dam/toyota/brochures/pdf/2024/T-MMS-24_bZ4X.pdf.

**Exhibit C to Weddle Decl.**:  A true and correct copy of the Warranty and Maintenance Guide for the 2025 model year Toyota bZ4x, which is available at https://assets.sia.toyota.com/publications/en/omms-s/T-MMS-25bZ4X/pdf/T-MMS-25bZ4X.pdf?_gl=1*1s9dzu4*_tmna_au*MTE0ODQzMTU0Ni4xNzU5Nzk0MTk5*_tmna_ga*MTY0MjEzODM4MC4xNzU5Nzk0MTk5*_tmna_ga_EP43E5EFVZ*czE3NjA0NjM0NDkbzYkZzEkdDE3NjA0NjM1OTAkajMwJGwwJGgw.

**Exhibit D to Weddle Decl.**:  A true and correct copy of technical service bulletin T-SB-0095-23, which is available at https://static.nhtsa.gov/odi/tsbs/2023/MC-10247827-9999.pdf.

**Exhibit E to Weddle Decl.**:  A true and correct copy of technical service bulletin T-SB-0026-23, which is available at https://static.nhtsa.gov/odi/tsbs/2023/MC-10238154-9999.pdf.

Exhibits A-E are subject to judicial notice because Plaintiffs reference them in the Amended Complaint and thus, they are incorporated by reference under Ninth Circuit law.  Exhibits D and E

are also subject to judicial notice because they are publicly-available documents that are not subject to reasonable dispute.

## II. ARGUMENT

In evaluating Toyota Defendants' Motion to Dismiss the Amended Complaint, the Court may consider undisputed matters of public record and documents which form the basis of Plaintiffs' Amended Complaint. *Trader Joe's Co. v. Trader Joe's United*, No. 223CV05664HDVMARX, 2024 WL 305697, at *7 n.10 (C.D. Cal. Jan. 12, 2024) (considering public documents and documents incorporated by reference into the complaint); *Quality Home Transp., LLC v. Wilshire Ins. Co.*, No. EDCV20278JGBKKX, 2020 WL 5260487, at *1 n.1 (C.D. Cal. May 15, 2020) (granting request for judicial notice "because the insurance policy is referenced throughout the Complaint and is incorporated by reference"). Two doctrines permit the Court to do so: the judicial notice doctrine and the incorporation by reference doctrine. *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 862-63 (N.D. Cal. 2020), *aff'd sub nom. In re Nektar Therapeutics Sec. Litig.*, 34 F.4th 828 (9th Cir. 2022); *Cohen v. Apple Inc.*, 2020 WL 619790, at *1 (N.D. Cal. Feb. 10, 2020). The former permits the Court to consider extra-complaint information if it is "not reasonably subject to dispute." *Mulquin*, 510 F. Supp. 3d at 863 (citing Fed. R. Evid. 201(b)). The latter "treats certain documents as though they are part of the complaint itself" – preventing plaintiffs from "cherry-picking portions of documents that support their claims, while omitting portions of the same documents that weaken their claims." *Id.* (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018)).

Here, Exhibits A-C are copies of Toyota's Warranty and Maintenance Guides, which contain the Limited and Powertrain Warranties applicable to 2023-2025 model year bZ4x Toyota vehicles, and which Plaintiffs incorporated by reference through the allegations in their Amended Complaint. When a plaintiff's complaint refers to an express warranty, courts in the Ninth Circuit routinely considers the terms of that warranty at the motion to dismiss stage. *See, e.g., Urb. v. Tesla, Inc.*, 698 F. Supp. 3d 1124, 1136 n.6 (N.D. Cal. 2023) ("Because Urban references the express warranty throughout the complaint, it is incorporated by reference into the complaint and can be considered on this Rule 12(b)(6) motion even though Urban omitted the warranty's language from

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

3

TOYOTA DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE ISO MOT. TO DISMISS
2:25-CV-01071-TLN-CKD

the complaint"); *Tietsworth v. Sears*, 720 F. Supp. 2d 1123, 1131 (N.D. Cal. 2010) ("[T]he actual terms of the one-year limited warranty, [ ] properly may be considered under the incorporation by reference doctrine . . . ."); *Garlough v. FCA US LLC*, No. 20-CV-01879-JAM-AC, 2021 WL 1534205, at *2 (E.D. Cal. Apr. 19, 2021) (considering contents of vehicle warranty based upon incorporation by reference doctrine); *Grassi v. Int'l Comfort Prod., LLC*, No. 15-CV-00253-JAM, 2015 WL 4879410, at *2 (E.D. Cal. Aug. 14, 2015) (limited parts warranty incorporated by reference). In attempting to plead their claims against the Toyota Defendants, Plaintiffs vaguely reference the warranties for the relevant 2023-2025 model year Toyota bZX4 vehicles throughout the Amended Complaint. AC ¶¶ 263-267, 322-323, 485-486, 588-589, 668-689, and 736-737. In doing so, they incorporate by reference the entirely of those warranties. *See Garlough*, 2021 WL 1534205, at *2. The Court thus can, and should, consider the actual warranties in Exhibits A-C when evaluating the Toyota Defendants' arguments in moving to dismiss the Amended Complaint.

The warranties are also subject to judicial notice because Toyota provides and makes available these warranties on its public website. As a result, the warranties' terms are facts "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). District courts frequently take judicial notice of warranties that form the basis of the plaintiff's claims and that are available online, and this Court should do so here too. *See, e.g., Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 829 (N.D. Cal. 2021) (taking judicial notice of express warranty available on online); *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 813 (N.D. Cal. 2020) (same); *Kerkorian v. Samsung Elecs. Am., Inc.*, No. 18-CV-00870-DAD-SKO, 2019 WL 6918293, at *3 (E.D. Cal. Dec. 19, 2019) (same); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 984 (N.D. Cal. 2010) (same)

Exhibits D and E should also be considered by the Court in reviewing and ruling on the Toyota Defendants' Motion to Dismiss the Amended Complaint. Where technical service bulletins are referenced in (but not attached to) a complaint, a court may consider them under the incorporation by reference doctrine. *In re Honda Idle Stop Litig.*, 694 F. Supp. 3d 1293, 1299 (C.D. Cal. 2023) (considering technical service bulletin that was referenced throughout complaint): *Resnick v. Hyundai Motor Am., Inc.*, No. CV1600593BROPJWX, 2017 WL 6549931, at *6 (C.D.

Cal. Aug. 21, 2017) (same); *Gerstle v. Am. Honda Motor Co., Inc.*, No. 16-CV-04384-JST, 2017 WL 2797810, at *2 (N.D. Cal. June 28, 2017) (same).  Here, in Paragraphs 42 and 44 of the Amended Complaint, Plaintiffs cite to the technical service bulletins that are Exhibits D and E to the Weddle Declaration.  Thus, the Court can and should consider both of those technical service bulletins in ruling on the Toyota Defendants' Motion to Dismiss the Amended Complaint.

### III. CONCLUSION

The Toyota Defendants respectfully request that the Court take judicial notice of Exhibits A–E to the Declaration of Lisa Weddle filed concurrently herewith in consideration of the Toyota Defendants' Motion to Dismiss Plaintiffs' Amended Complaint.

Dated:   October 14, 2025

MORGAN, LEWIS & BOCKIUS LLP
Lisa R. Weddle
Brian M. Ercole
Mark A. Feller

By   */s/ Lisa R. Weddle*
Lisa R. Weddle
Attorneys for Defendants
Toyota Motor North America, Inc.;
Toyota Motor Engineering &
Manufacturing North America, Inc.;
Toyota Motor Sales, U.S.A., Inc.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

5

TOYOTA DEFENDANTS' REQUEST FOR
JUDICIAL NOTICE ISO MOT. TO DISMISS
2:25-CV-01071-TLN-CKD